## Case No. 9,252.

### MASON v. ROLLINS.

[2 Biss. 99.] [1]

Circuit Court, N. D. Illinois. Jan., 1869.

CONSTITUTIONAL LAW—DISTILLERIES — POWER OF CONGRESS—REGULATING DISTILLERY — DISTRESS WARRANT — RESTRAINING GOVERNMENT OFFICERS.

1. The act of July 20, 1868 [15 Stat. 125], regarding distilleries, is constitutional.

2. The power vested in congress by the constitution to levy and collect taxes, duties, imposts and excise, with the authority to make all laws necessary and proper to carry that power into effect, is absolute, with the single restriction that no rights secured by other provisions of the constitution shall be violated.

3. Congress having the power to impose a tax, and to render its collection effectual, if the character of the business is such that the giving of a bond as a condition precedent to commencing business is a proper means of insuring its collection, such a bond may be required.

4. The prohibition of a distillery within 600 feet of a rectifying establishment is not an unwarrantable interference with the use and disposition of property. If a business affords unusual facilities for evading the government tax, then congress may prescribe the modes, conditions, and limitations under which that business can be transacted.

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

5. A distress warrant issued by a government officer is due process of law, and seizure of property under it is within the taxing power of the government.

6. Although it might be the duty of a court to interfere with the execution of a law imposing unreasonable conditions to the pursuit of a lawful business, yet it will not restrain the officers of the government from carrying out a law, on the application of a party who simply fears that he may be injured in a business which he proposes to undertake. He must first be pursuing his lawful business and some unauthorized act be done or threatened.

This was an application by Mason for an injunction against E. A. Rollins, the commissioner of internal revenue, and others, officers acting under the internal revenue laws.

The bill alleged that the complainant leased a lot of land, near Clintonville, Kane county, in this state, for the term of three years from the first day of September, 1868, together with the alcohol works, etc., thereon. That by the act of congress of July 20, 1868 [15 Stat. 125], grievous and illegal burdens were imposed upon distillers and rectifiers, particularly in requiring a bond, in a large penalty, to be executed before they may proceed with the business; also, in prohibiting the use of any distillery or rectifying establishment within six hundred feet of any licensed distillery. The bill further states that the fifth and seventh sections of the act of March 31, 1868 [Id. 60], were unconstitutional and void, and that, in consequence of the threatened interference of the officers of the government, the complainant is afraid to commence the prosecution of his business, and is unable to find any one to assist him in carrying it on.

Edward Roby, for complainant.
Jesse O. Norton, for defendants.

DRUMMOND, District Judge It will be seen that the object of the bill is to restrain the defendants from carrying out various provisions of the laws referred to, and which are claimed to be an unauthorized interference with the plaintiff in the pursuit of a lawful business. It is not alleged that the plaintiff has done anything except to take the lease, nor that he has been stopped in anything which he has begun.

Under the constitution, congress has power to levy and collect taxes, duties, imposts and excise, and also the authority to make all laws necessary and proper to carry that power into effect. It may be admitted that in doing this congress cannot violate any rights secured by other provisions of the constitution, but, excepting this restriction, the power is absolute. There is, as will be seen, power to collect the taxes, and that implies the use of all proper and necessary means to make the collection effectual. Property cannot be subject to unreasonable seizures, nor the house or person of a citizen subject to unreasonable searches; nor can he be deprived of his property without due process of law.

As to the first special ground of complaint, requiring a bond as a condition precedent to the commencement of the business of rectifying or distilling: The right of congress to collect the tax being undoubted, everything that is produced by a distiller or rectifier may be subject by law to the tax. Congress has the right to render the collection of the tax due upon that business or product effectual, and if it is seen that the character of the business is such that irresponsible parties may engage in it, under the direction of capitalists who are in the background, and who thus seek to avoid the proper responsibility which belongs to them, and in this way to render it uncertain that the tax due upon the product shall be made available to the government, there can be no doubt, I think, that as a means of accomplishing that result, congress may require a bond of the person who proposes to engage in that kind of business. The question must always be, whether, under the circumstances of the case, it is a reasonable condition, and I cannot say that it is not in this case.

As to the second objection that is made, the existence of a distillery within 600 feet of a rectifying establishment: It is claimed that this is an unwarrantable interference with the use and disposition of property, that the owner has a right to appropriate it in any way to the performance of a lawful business. But, if the kind of business to which the owner wishes to appropriate his property is such as to afford great and unusual facilities for secreting what may be the actual product of a business, and thus to evade the tax which is due to the government, then the congress of the United States, within the authority which it has to collect the tax which may be imposed, can prescribe the modes, conditions and limitations under which that business can be transacted; and, if it has appeared by observation and experience that the construction and use of a distillery within a certain number of feet of a rectifying establishment enables those who use the one and the other in the prosecution of their business easily to evade the payment of the tax which is due, congress may prohibit this mode of doing the business, which affords these great facilities for avoiding the tax.

Experience has shown, I think, that there has been no one thing used in carrying on the distilling and rectifying business which has been so thoroughly calculated to evade the payment of taxes as the construction of these two establishments so near to each other; the ease with which connections could be made between them was such as to enable the owner to conceal from the officers of the government the amount of the product, and thus escape the payment of the tax. Therefore, as it seems to me, this was a particular mode which congress had a right to prescribe, in order to make the collection of the tax effectual.

It may be conceded that the question whether a seizure or a search is unreasona-

ble. in the language of the constitution, is a judicial and not a legislative question; but, still in determining whether a seizure is or is not unreasonable, we have to look at all of the circumstances under which it is made. For example, at first blush, nothing appears more oppressive than for an accounting officer of the government to strike a balance against a public debtor, and to issue a warrant of distress against his property for the recovery of that balance. It is not a judicial determination; it is not a judicial process by which the property of the debtor, under such circumstances, can be taken for the satisfaction of the debt; but it is an executive process and has been expressly decided to be due process of law within the meaning of the constitution. Murray v. Hoboken Land, etc.. Co., 18 How. [59 U. S.] 272. It is the taxing power of the government that interposes, the right to seize and take property for the payment of taxes that is exercised; and this is a potential right. All property of the citizen is subject to the imposition of taxes for the support of the government and the payment of its debts. The only security the citizen has is under the safeguards that are thrown around the subject by the provisions of the constitution itself—one of which is that they must be uniform, and they cannot be imposed without a vote of the representatives of the people in pursuance of law. That is the principal security that we have in relation to this tremendous power which the government has over our property in the right to tax.

I am inclined to think that if congress should impose an unreasonable condition as a prerequisite to the pursuit of a lawful business. it might be the duty of the courts to interfere with the execution of such a law by the officers of the government; but where a party comes into a court and asks that the officers of the government should be prohibited from carrying out various provisions of law which concern the details of a business he proposes to undertake, I think that he cannot ask its interference by injunction, for fear that, in the execution of some of those provisions, a right guaranteed him by the constitution may be violated. There must be some unauthorized act done in the first place, or threatened. He must be pursuing his lawful business and that business be interfered with, or the prosecution of it threatened with some act of the government, before the court can interpose.

I do not say—it is not necessary that I should say in this case—that every provision in these various laws is in strict accordance with the constitution; but I think that before the plaintiff can call upon the court to enjoin the officers of the government in relation to all, or any of them which it is claimed are unconstitutional, he must first establish that he is pursuing his business, and that some right in the pursuit of that business has been interfered with. In this case, with the exceptions that have been mentioned, nothing of the kind is shown. For this reason. in addition to the others which have been mentioned. the court cannot grant the injunction which has been asked in this case.